# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LOUIS P. ZACKEY,**
**Claimant Below, Petitioner**

**FILED**
October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0033** (BOR Appeal No. 2046228)
(Claim No. 2005001243)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Louis P. Zackey, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 19, 2011, in which the Board affirmed a July 12, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 10, 2010, decision denying a request for authorization of right and left thoracic facet injections. It also affirmed the claims administrator's December 29, 2010, decision denying a request to add facet dysfunction C7-T4 as a compensable component. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Zackey suffered an injury when he was driving a car in an underground coal mine and hit his head on a steel beam while going approximately fifteen miles per hour. The claim was held compensable for concussion with no loss of consciousness and neck sprain. On May 15, 2009, Dr. Chalifoux concluded that the type of injury that Mr. Zackey had would have essentially injured him from C4 to possibly T2-T3. On September 9, 2009, Dr. Chalifoux concluded that Mr. Zackey's allowed diagnoses deal with the thoracic spine, and he strongly suggested authorization to have facet injections on the left side from C7-T1, T1-T2, and T2-T3.

1

The Office of Judges affirmed the claims administrator's decision dated November 10, 2010, denying the authorization of right and left thoracic facet injections, and the decision dated December 29, 2010, denying the request to add facet dysfunction C7-T4 as a compensable component. Mr. Zackey disagrees and asserts that the Board of Review found that there are records prior to 2009 which mention cervical-thoracic junction pain, and that this directly contradicts the Office of Judges' finding that the thoracic area was not mentioned until May 15, 2009, and is grounds for a reversal.

The Office of Judges concluded that the preponderance of the evidence does not support the addition of facet dysfunction as a compensable component. This is an injury occurring in June of 2004 injury, and the evidence shows that the thoracic spine was not mentioned until 2007. Only Dr. Chalifoux found this condition was caused by Mr. Zackey's work-related injury, but his medical records do not explicitly state this conclusion until 2009, five years after the injury. The initial work-related injury was listed as neck sprain and concussion. Ultimately, the Office of Judges denied the request to add facet dysfunction as a compensable component. The Office of Judges also denied the request for authorization of thoracic facet injections right and left because the thoracic spine has not been held compensable, and this treatment is not reasonably required in relation to a compensable injury. The Board of Review reached the same reasoned conclusions in its decision of December 19, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 4, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum